**EXPORT–IMPORT BANK OF the UNITED STATES, Plaintiff–Appellee,**

v.

**ASIA PULP & PAPER COMPANY, LTD., Pt Indah Kiat Pulp & Paper Tbk, Pt Pabrik Kertas Tjiwi Kimia Tbk, Pt Pindo Deli Pulp & Paper Mills, Defendants–Appellants.**

No. 08–3034–cv.

United States Court of Appeals, Second Circuit.

Sept. 30, 2009.

Sarah E. Light (David S. Jones, of counsel), for Preet Bharara, United States Attorney for the Southern District of New York, New York, NY, for Plaintiff–Appellee.

Kenneth R. Puhala (Benjamin P. Deutsch, Erin Cowan, Cynthia Murray, of counsel), Schnader Harrison, Segal & Lewis LLP, New York, NY, for Defendants–Appellants.

Present: CHESTER J. STRAUB, RICHARD C. WESLEY, Circuit Judges, and PAUL G. GARDEPHE, District Judge.*

* The Honorable Paul G. Gardephe, Southern District of New York, sitting by designation.

## SUMMARY ORDER

Defendant–Appellant Asia Pulp & Paper Co. ("APP") and its three co-defendant Indonesian operating companies ("PIOCs," for "Principal Indonesian Operating Companies") appeal from a February 6, 2008, 2008 WL 465169, order and May 28, 2008 judgment of the United States District Court for the Southern District of New York (Pogue, *J.*) granting Plaintiff–Appellee Export–Import Bank of the United States ("Ex–Im") summary judgment on its claims of breach of contract, breach of promissory notes, and breach of guarantee. We assume the parties' familiarity with the underlying facts and procedural history of the case.

 With respect to the three loans to the PIOCs that APP guaranteed, APP expressly waived all defenses, which would include estoppel. For the loans not guaranteed by APP, to the extent that the PIOCs may have relied on representations made to them by individual employees of Ex–Im, "it is axiomatic that the United States is not bound by the unauthorized acts of its agents. Whatever the form in which the Government functions, anyone entering into an arrangement with the Government takes the risk of having accurately ascertained that he who purports to act for the Government stays within the bounds of his authority." *Doe v. Civiletti*, 635 F.2d 88, 96 (2d Cir.1980) (internal quotation marks omitted). It is clear from the allegations and the record that Ex–Im's negotiators did not have authority to bind Ex–Im to the terms of the debt restructuring without official approval, which was not given. Because statements of an individual with apparent authority do not suffice as a basis for an estoppel claim

against the federal government, it is irrelevant what the PIOCs may have thought about the scope of the negotiators' authority.

We have considered Appellants' arguments regarding inadequate service of process and the application of the deliberative process privilege, including Appellants' arguments regarding the denial of discovery, and find them to be without merit. Accordingly, the order and judgment of the district court granting summary judgment and awarding damages to Plaintiff–Appellee Export–Import Bank of the United States are hereby **AFFIRMED**.